# Third District Court of Appeal

## State of Florida

Opinion filed August 4, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1763
Lower Tribunal No. 17-7503
_____

**Willie Johnson,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Joanne Diez, Assistant Attorney General, for respondent.

Before SALTER, LOGUE and SCALES, JJ.

PER CURIAM.

On Petition for Writ of Habeas Corpus

Petitioner seeks emergency habeas corpus relief from a trial court order denying bond.

On April 18, 2017, Petitioner was arrested for retail theft, and released on a $5000 bond; Petitioner having obtained the bond through a local bondsman. Petitioner failed to appear for his May 18, 2017 arraignment and an alias capias was issued for Petitioner's arrest. Apparently Petitioner failed to pay the premium for the bond and, on July 31, 2017, the local bondsman filed an affidavit stating that the bonding company was not willing to remain on the bond.

Petitioner was arrested on the warrant, and at a July 31, 2017 hearing to revoke pretrial release, the trial judge, over the objection of defense counsel and citing the bondsman's affidavit, determined that no pretrial release conditions were warranted, and denied Petitioner bail. The trial judge set Petitioner's trial for September 25, 2017.

Later, on July 31, 2017, the trial judge, apparently realizing that the hearing record did not support the trial court's refusal to grant Petitioner bail, issued a "clarifying order" purporting to explain the rationale for the court's ruling. The "clarifying order" concluded that "at this time, without more information, there are no conditions that the Court finds will ensure [Petitioner's] appearance at trial."

We conditionally grant the petition for writ of habeas corpus. As it appears that the trial court's order denying bond did not comply fully with section 907.041

2

of the Florida Statutes, we remand to the trial court to conduct an evidentiary hearing within seventy-two hours of the date of this order. The State shall have the opportunity to file a written motion pursuant to section 907.041, and the trial court shall have the opportunity to place further findings on the record as to whether Petitioner willfully failed to appear at arraignment and whether Petitioner is entitled to further bail and release after the revocation of the original bail.

Petition conditionally granted; remanded with instructions.